UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ameer A.,

Petitioner,

v.

ICE,

Respondent.

File No. 26-cv-4073 (ECT/JFD)

**OPINION AND ORDER**

Magistrate Judge John F. Docherty issued an Amended Report and Recommendation ("R&R") dated October 28, 2026. *See* ECF No. 12. Judge Docherty recommended that Petitioner Ameer A.'s Petition for Writ of Habeas Corpus [ECF No. 1] be granted and that Ameer be immediately released [ECF No. 12 at 18].[1] Respondents objected to the R&R [ECF No. 13], triggering de novo review pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3).

Petitioner Ameer A. is a citizen of Iraq. ECF No. 6-1 at 1. Although there are discrepancies in the record, it appears that Ameer entered the United States in September 2022 and was subsequently "apprehended by Border Patrol Agents." ECF No. 6-1 at 2; Pet. at 7 (stating that Ameer "enter[ed the] United States just one time on 9/18/2022").[2] Ameer's Form I-213 notes that he "was issued a [Notice to Appear] due to demonstrating

[1] Page citations are to the pagination assigned by the court's CM/ECF system appearing in a document's upper right corner, not to a document's original pagination.

[2] Ameer's Notice to Appear says that he "entered the United States at an unknown place, on or about April 7, 2023." ECF No. 6-3 at 1.

a positive fear hearing" on May 28, 2023. ECF No. 6-1 at 2. This initial Notice to Appear was superseded by another Notice to Appear on October 26, 2023. ECF No. 6-1 at 2; ECF No. 6-3. At some point, Ameer applied for Asylum, Withholding of Removal, and protection under the Convention Against Torture, all of which were denied. *See* ECF No. 5-1 at 22. Ameer was ordered removed on December 31, 2025, *see* ECF No. 5-1 at 22–23, and appealed this removal order, *see* ECF No. 5-2. Ameer has not provided the Court with an update on this appeal.

On September 10, 2025, Ameer checked in with ICE in Grand Forks, North Dakota and was arrested by ICE agents at this encounter. Pet. at 1; ECF No. 6-1 at 2 ("On September 10, 2025, ICE Enforcement and Removal Officers and Homeland Security Agents encountered Ameer . . . at the ICE ERO Office in Grand Forks, ND. . . . [Ameer] was administratively arrested and processed at the ICE ERO office in Grand Forks, ND."). Ameer's I-200 Warrant is dated September 10, 2025, the day of Ameer's arrest. *See* ECF No. 6-2. It is, however, unclear whether the warrant preceded or succeeded the arrest. Ameer notes in the "Personal Information" portion of his Petition that "ICE arrested [him] and detained [him], then printed a warrant at the same day," which seems to imply that the warrant was issued after his arrest on September 10, 2025. Pet. at 1. But in his Reply, Ameer asserts that "on 9/10/2025 I got the warrant for arrest at the same day and time and they arrested me at ICE office in [G]rand [F]orks ND when I was doing my checking report," which indicates Ameer received the warrant when he was arrested and not after. ECF No. 8 at 5.

This is the second habeas petition that Ameer has filed since his arrest and detention. Judge Michael J. Davis granted Ameer's first petition in part, finding that Ameer's detention under § 1225(b)(2) violated due process. *See Ameer A. v. Blanche*, 26-cv-01908 (MJD/DJF), slip op. at 18 (D. Minn. Apr. 28, 2026), ECF No. 11 ("*Ameer I*"). Judge Davis ordered a bond hearing, and Ameer was eventually denied bond. *See Ameer I*, ECF No. 22.

Ameer filed the instant Petition on September 21, 2026. *See* Pet. In this pro se Petition, Ameer alleges that he is detained in violation of the Fifth Amendment, that he has been detained for a year and that his appeal is still pending, that he has an Employment Authorization Document, and that he was denied bond based on incorrect information. *See Id.* at 6–7. Ameer requests immediate release or a bond hearing. *Id.* at 7.

In response to Ameer's Petition, Judge Docherty issued an Order to Show Cause on September 22, 2026, in which he "specifically directed [Respondent's attention] to the need for a response to Petitioner's claim of arrest and detention on September 10, 2025 without a valid warrant." ECF No. 3. Respondents responded on September 29, 2026. *See* ECF No. 4. Respondents did not address Ameer's warrant in their Response, *see generally* ECF No. 4, but provided a copy of his warrant and his Notice to Appear with their exhibits, *see* ECF No. 6-2; ECF No. 6-3. In the resulting R&R, Judge Docherty recommended that Ameer be immediately released because Ameer was arrested in violation of the Fourth Amendment. *See* ECF No. 12 at 18. Respondents objected to Judge Docherty's conclusions about Ameer's warrant. *See generally* ECF No. 13.

I respectfully disagree with Judge Docherty's warrant conclusions. Although Ameer wrote that "ICE arrested [him] and detained [him], then printed a warrant at the same day" in the "Personal Information" section of his Petition, Pet. at 1, Ameer did not include a Fourth Amendment or warrant-related allegation in the "Grounds for Relief." *See id.* at 6–7. Respondents were therefore under no obligation, based on the Petition alone, to respond to a warrant claim. And, when the Order to Show Cause was issued and warrant information was requested from Respondents, Respondents addressed the due process grounds that Ameer raised, *see generally* ECF No. 4, and provided a copy of Ameer's warrant and Notice to Appear, *see* ECF No. 6-2; ECF No. 6-3. This was a sufficient response where Ameer did not specifically raise a warrant claim.

If I concluded that Ameer's statement about the warrant constituted a warrant claim, it is, at best, ambiguous whether Ameer's warrant succeeded his arrest. Ameer's statements about the warrant are contradictory. While Ameer explained in his Petition that "ICE arrested [him] and detained [him], then printed a warrant at the same day," in materials submitted by Ameer at a later time, he wrote that "on 9/10/2025 I got the warrant for arrest at the same day and time and they arrested me at ICE office in [G]rand [F]orks ND."[3] ECF No. 8 at 5. It is Ameer's burden, as the petitioner, to prove illegal detention by a preponderance of the evidence. *See Maldonado v. Olson*, 795 F. Supp. 3d 1134, 1143 (D. Minn. 2025) (collecting cases); *Mohammed H. v. Trump*, 786 F. Supp. 3d 1149, 1154

[3] Ameer contradicts himself again in a Motion for Release filed on November 23, 2026. *See* ECF No. 15 at 2. In this Motion, Ameer says that "ICE arrested and detained [him] without a valid warrant." *Id.*

(D. Minn. 2025); *see also Eliexer C.R. v. Blanche*, 26-cv-3631 (ECT/ECW), slip op. at 3–4 (D. Minn. Oct. 20, 2026), ECF No. 11 (denying petition where the "evidence [was] ambiguous as to whether [petitioner's] Notice to Appear preceded his warrant"). Ameer has not met this burden here, and his Petition will be denied.[4]

**ORDER**

Therefore, based on the foregoing, and on all the files, records, and proceedings in this case, **IT IS ORDERED THAT**:

1. The Amended Report and Recommendation [ECF No. 12] is **REJECTED** as described above;

2. Respondents' objections [ECF No. 13] are **GRANTED** as described above;

---

[4] The R&R addressed and dismissed Ameer's other claims. *See* ECF No. 12 at 15–17. This analysis was not objected to and is therefore reviewed for clear error. *See* Fed. R. Civ. P. 72(b); *Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (per curiam). I agree with Judge Docherty's dismissal of these claims and note only that, with respect to the R&R's due process conclusion [ECF No. 12 at 15–16], I would analyze using the reasoning set forth in my prior decision, *Eliseo C. v. Blanche*, No. 26-cv-2282 (ECT/SGE), 2026 WL 2683449, at *3–4 (D. Minn. June 29, 2026), rather than relying on *Zadvydas v. Davis*, 533 U.S. 678 (2001). As I understand it, *Zadvydas* applies when a noncitizen has a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 527 (2003) ("In *Zadvydas*, the Court considered a due process challenge to detention of aliens under 8 U.S.C. § 1231, which governs detention *following a final order of removal*." (emphasis added) (citation modified)). Here, although Ameer has an order of removal, he has appealed this order to the Board of Immigration Appeals, *see* ECF No. 5-2, and the order is therefore not final. *See* 8 U.S.C. § 1101(a)(47)(A)–(B) (explaining that an "order of deportation . . . shall become final upon the earlier of[] (i) a determination by the Board of Immigration Appeals affirming such order; or (ii) the expiration of the period in which the [noncitizen] is permitted to seek review of such order by the Board of Immigration Appeals" (citation modified)); 8 C.F.R. § 1241.1(a) (describing final orders of removal). This distinction is ultimately inconsequential here, as I would still deny Ameer's due process claim per my reasoning in *Eliseo C.*

3. Petitioner Ameer A.'s Petition for Writ of Habeas Corpus [ECF No. 1] is **DENIED**; and

4. Petitioner Ameer A.'s Motion for Release [ECF No. 15] is **DENIED** as moot.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: November 24, 2026

s/ Eric C. Tostrud
Eric C. Tostrud
Chief Judge, United States District Court